IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMOUR MORGAN-COX, : | |
|               Petitioner, : | |
| : | |
| v. : | Civ. No. 12-1780 |
| : | |
| LOUIS FOLINO, et al., : | |
|               Respondents. : | |
| : | |

**O R D E R**

State prisoner Armour Morgan-Cox petitions *pro se* for habeas relief. 28 U.S.C. § 2254. I will overrule Petitioner's objections (Doc. No. 14), accept the Magistrate Judge's Report and Recommendation as modified by this Order (Doc. No. 10), and deny the Petition.

**I.     BACKGROUND**

On April 27, 2007, after a trial before the Honorable Thomas G. Gavin in the Chester County Common Pleas Court, a jury found Petitioner guilty of third degree murder and possession of an instrument of crime. Commonwealth v. Morgan Cox, No. CP-15-CR-421-2004 (Chester Ct. Com. Pl. Apr. 27, 2007.) The trial evidence showed that when an argument arose during a drug deal, Petitioner shot William Gregory three times. Commonwealth v. Morgan-Cox, 31 A.3d 760, 410 EDA 2011 (Pa. Super 2011). Petitioner put the still-living victim in the bed of a truck, drove around for hours until the victim died, and then threw the body into the Conestoga River. Id.

Judge Gavin sentenced Petitioner to 17½ to 40 years' imprisonment, and the Pennsylvania Superior Court rejected his direct appeal. Commonwealth v. Morgan-Cox, 959 A.2d 970, 1760 EDA 2007 (Pa. Super. July 30, 2007). The Pennsylvania Supreme

Court denied *allocatur*.  Commonwealth v. Morgan-Cox, 963 A.2d 469, 600 MAL 2008 (2009).  In 2011, Judge Gavin dismissed Cox's petition for relief under Pennsylvania's Post Conviction Relief Act.  See 42 Pa. Cons. Stat. § 9541, et seq.  The Superior Court again affirmed.  Morgan-Cox, 410 EDA 2011.

Petitioner filed the instant *pro se* Petition on April 6, 2012, alleging: 1) a due process violation based on the voluntary manslaughter jury instruction; and 2) ineffective assistance of counsel for failing to object to that instruction.  The Magistrate Judge recommends that I deny the Petition.  (Doc. No. 10.)

## II.     STANDARDS

In reviewing Petitioner's objections to the Report and Recommendation, I will "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

### A.     Due Process

Petitioner objects to the Magistrate Judge's rejection of Petitioner's claim that Judge Gavin's purportedly defective voluntary manslaughter instruction violated due process. (Doc. No. 14, 3-7.)  I agree with the Magistrate Judge.

During his lengthy final charge, Judge Gavin contrasted voluntary manslaughter with murder:

> With regard to voluntary manslaughter, I'll try to give you an overview.  Voluntary manslaughter involves the concept of something happened that would cause the defendant to act in the manner in which he acted, so that there's not malice.  There's not that intentional conduct, that willful or conscious disregard of

> something. So when you don't have malice, but you have a killing, then you are considering the charge of voluntary manslaughter.

Trial Tr. at 79:18-80:2, Apr. 27, 2007, Morgan Cox, No. CP-15-CR-421-2004.

At the conclusion of his charge, Judge Gavin summarized:

> Now, again, voluntary manslaughter does not include malice. In other words, it's not intentional conduct. It is not the willful and wanton conduct. It is a killing that occurs in the heat of passion following a serious provocation or a killing under an unreasonable mistaken belief that circumstances warranted the killing.

Id. at 95:20-96:1. These were incorrect statements of law. Intentional conduct is an element of voluntary manslaughter. Commonwealth v. Mason, 378 A.2d 807, 808 (Pa. 1977) ("[A] necessary element of . . . voluntary manslaughter is the specific intent to kill."); see also Commonwealth. v. Naranjo, 53 A.3d 66, 71 n.3 (Pa. Super. Ct. 2012) ("voluntary manslaughter is an intentional killing"). Petitioner argues that this misstatement of the elements of voluntary manslaughter deprived him of due process.

"[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Middleton v. McNeil, 541 U.S. 433, 437 (2004) (per curiam). "To show that a jury instruction violates due process, a habeas petitioner must demonstrate both (1) that the instruction contained 'some ambiguity, inconsistency, or deficiency,' and (2) that there was 'a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt.'" Williams v. Beard, 637 F.3d 195, 223 (3d Cir. 2011) cert. denied, 133 S. Ct. 65 (2012) (quoting Waddington v. Sarausad, 555 U.S. 179, 191 (2009)).

Petitioner contends that Judge Gavin impermissibly "left out" an essential element

of voluntary manslaughter: "intent."  (Doc. No. 14, 5.)  On PCRA review, the Pennsylvania Superior Court rejected this contention:  "Although the [trial] court stated, 'There's not that intentional conduct,' the court did not mean to suggest that the offense of voluntary manslaughter does not contemplate an intentional or voluntary act on the part of a defendant . . . . [T]he court permissibly instructed in its own words, yet adequately and accurately presented the law to the jury." Morgan-Cox, 410 EDA 2011, at 13-17.  I do not agree.  Judge Gavin's definition of voluntary manslaughter was incorrect.  Had the jury convicted Petitioner of voluntary manslaughter, Judge Gavin's error might well have implicated due process.  Petitioner was convicted of third degree murder, however, and Petitioner concedes that this crime was properly defined to the jury—as was possession of an instrument of crime.  "[T]he Due Process Clause guarantee[s] that an accused shall not be *convicted* 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'"  Cupp v. Naughten, 414 U.S. 141, 152 (1973) (quoting In re Winship, 397 U.S. 358, 364 (1970)) (emphasis added).  Because Petitioner was not convicted of voluntary manslaughter, Judge Gavin's error did not violate the Due Process Clause.  Accordingly, I will overrule Petitioner's objection to the Magistrate Judge's rejection of his due process claim.

    B.    <u>Ineffective Assistance</u>

As I have discussed, the jury instruction for the crimes of conviction were correct.  Accordingly, had trial counsel objected to the erroneous voluntary manslaughter charge, and Judge Gavin then proceeded to redefine voluntary manslaughter, there is no reasonable probability that the verdict would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The jury would still have found Petitioner guilty of third degree

murder—a more serious crime than voluntary manslaughter. Accordingly, I agree with the Magistrate Judge's rejection of Petitioner's ineffectiveness claim.

**AND NOW**, this 22nd day of August, 2013, it is hereby **ORDERED** that Petitioner's Objections (Doc. No. 14) are **OVERRULED**, the Petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**, and the Magistrate Judge's Report and Recommendation is **APPROVED AND ADOPTED,** as modified by this Order. There is no basis for issuing a certificate of appealability.

The Clerk shall mark this case **CLOSED** for statistical purposes.

                                                **AND IT IS SO ORDERED.**

                                                */s/ Paul S. Diamond*
                                                _____
                                                Paul S. Diamond, J.